ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| V. | ) | CV101-050 |
| | ) | |
| WREN CHEVROLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

This action was instituted by the EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION (hereinafter, Plaintiff or "Commission") against WREN CHEVROLET,

INC. (hereinafter, Defendant or "WREN") pursuant to § 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (hereinafter,

referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. 1981(a) to remedy

the alleged unlawful employment practices identified in the Complaint filed in this

action. This Court has jurisdiction of the subject matter of this action and of the parties

to this action.

The Commission alleged in the foregoing civil action that WREN acted

unlawfully by subjecting Brooke Hughes and Angela Walden to sexual harassment and

discriminatory terms and conditions of employment, including but not limited to, a

sexually hostile environment, and retaliation. Charges of discrimination were filed by

3

Hughes, EEOC Charge No. 110980856, on December 3, 1997, and by Angela Walden,

EEOC Charge No. 110980914, on December 5, 1997.

In its Complaint, the Commission sought make whole relief including, but not

limited to, back pay relief, with interest, compensatory and punitive damages, and

injunctive and other affirmative relief. WREN disputes and denies any liability in this

matter.

All of the parties to this action desire to avoid the additional expense, delay and

uncertainty which would result from the continuance of this litigation and desire to

formulate a plan to be embodied in a Consent Decree which will promote and effectuate

the purposes of Title VII. This Decree is not to be deemed or construed to be an

admission of liability or wrongdoing by WREN but constitutes the good faith settlement

of a disputed claim.

This Court has reviewed the terms of the proposed Consent Decree in light of the

pleadings and the applicable law and regulations, and has approved this Consent Decree

as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

## I. DISCLAIMER OF VIOLATION:

It is understood and agreed that the negotiation, execution, and entry of this

Consent Decree, and the undertakings made by WREN hereunder, are in settlement and

2

compromise of claims of alleged sex discrimination in employment and retaliation, the validity of which WREN denies. Neither the negotiation, execution, nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by WREN that its officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

## II. NON-DISCRIMINATION

WREN agrees that it will not discriminate against any employee or affected group member in any aspect of employment on the basis of their sex and that it will not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree. WREN will ensure equal opportunity in the employment process with respect to members of the protected group, and shall make all decisions relating to protected group members without regard to any individual's sex or whether the person has opposed practices believed to be in violation of Title VII. Further, WREN will not retaliate or take any adverse action against any protected group member in the future because any such individual has filed a charge or opposed a practice believed to be in violation of Title VII.

## III. NOTICE TO BE POSTED

Immediately upon entry of this Consent Decree and continuing until the expiration date specified in Section XII hereinbelow, Defendant WREN will keep posted

3

a copy of the Notice attached to this Consent Decree (as Attachment A) at Defendant's Wrens, Georgia facility.  The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at Defendant's Wrens, Georgia facility shall have the opportunity to observe at least one such posting when at the facility.  WREN will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify to the Regional Attorney for the Atlanta District Office, within (thirty) 30 days of such date, that posting has been accomplished.

WREN shall not withhold the right of the Commission to enter upon its premises to monitor compliance with this Section.  Should the Notice become defaced, marred, or otherwise unreadable, WREN will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

### IV. MANAGER TRAINING

WREN shall, at least one time per year for the term of this Agreement, in an appropriate location, hold a training session for all of its managers and other supervisory personnel, including all of the corporate officers employed at the Defendant's Wrens, Georgia facility, which shall address WREN's and its employees' equal opportunity obligations pursuant to Title VII, including WREN's anti-sexual harassment and anti-retaliation obligations.  WREN shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section IV will be accomplished.  WREN shall provide written certification to the EEOC of training

4

completed pursuant to this Section IV within thirty days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy. All written certification required by this Section shall be addressed to the Regional Attorney in the Atlanta District Office whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## V. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, WREN shall certify, in writing, to the EEOC that all management and supervisory personnel who are current employees of WREN and who were involved in the investigation and resolution of the affected class members' sexual harassment and retaliation allegations have been instructed as to the terms of this Consent Decree, and the full meaning of the provisions of the Notice to be posted, and have reaffirmed with such individuals that employment decisions are not to be made on any basis that is prohibited by Title VII. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy. All written certification required by this

5

Section shall be addressed to the Regional Attorney in the Atlanta District Office whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## VI. REPORTING REQUIREMENT

For the duration of the term of this decree, WREN agrees that any complaint arising in its Wrens, Georgia facility and  brought to the attention of WREN management by any employee(s) against any other employee(s) or manager(s) alleging sexual harassment issues which were raised by the Complaint in this civil action and resolved by this Consent Decree shall be reported to the Regional Attorney. Every six months for the duration of this Consent Decree, WREN shall certify in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained about sexual harassment.  If an employee has so complained, then the summary report should also include the complaining employee(s) name, specific allegations contained in the complaint, a description of the investigation conducted, and disposition of the complaint, including a description of any disciplinary action taken as a result of the investigative findings.  The report should be addressed to the Regional Attorney in the Atlanta District Office, whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## VII. MONETARY RELIEF:

WREN, in settlement of alleged claims of financial loss due to alleged

6

discriminatory employment practices, will pay to each of the affected group members seventy-five thousand dollars ($75,000.00). Accordingly, the total amount of monetary relief will be one-hundred and fifty thousand dollars ($150,000.00) The affected group members recognize such payment to be without admission of liability on the part of WREN.

## VIII.  REFERENCES

WREN agrees that if it receives inquiries from persons or prospective employers seeking a reference or other employment related information concerning protected group members, that it shall provide no less than a neutral reference, citing the dates of employment, the position(s) held, and the fact that performance was satisfactory. WREN will make no mention to persons or prospective employers seeking a reference of the fact that Hughes or Walden filed charges of discrimination.

## IX. DISCIPLINARY POLICY ON SEXUAL HARASSMENT

WREN asserts that it has a sexual harassment policy that prohibits sexual harassment and provides for disciplinary action against violators.  WREN agrees to reemphasize its sexual harassment policy to all employees, particularly those who perform in a supervisory or lead capacity, and to require all management and supervisory employees to sign a stipulation that the sexual harassment policy has been read and understood, within sixty (60) days of the effective date of this Decree.

WREN agrees to disseminate a document that clarifies how complaints regarding

7

sexual harassment should be made above the first level of supervision. Employees shall be advised that such complaints will be promptly investigated and effectively resolved. WREN further agrees to advise employees that they will not suffer retaliation for complaining about sexual harassment. WREN agrees to establish and implement a disciplinary policy with a table of penalties up to and including discharge for employees who are found to have engaged in sexual harassment in violation of WREN's policy. WREN further agrees that employees who commit acts of sexual harassment shall be admonished in writing and disciplined in accordance with the policy.

## X. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of the Consent Decree by informal mediation and consultation. Before seeking enforcement through the judicial process, the Commission will notify WREN in writing by certified mail to William R. McCracken, Esq., 505 Courthouse Lane, Augusta, Georgia 30901-2492, if it has any reason to believe that any action or omission by WREN is in violation of the Consent Decree. WREN shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of WREN's report the Commission concludes that the deficiency has not been satisfactorily cured by WREN, the Commission shall seek to resolve the alleged

8

deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation and mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.   Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by Section X from being fully and completely processed in the manner described in Section X, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## XI. COMPLIANCE OFFICIAL:

WREN shall designate a compliance official who shall be responsible for compliance with this Consent Decree, and also responsible for coordinating and overseeing WREN's compliance with this Consent Decree.

## XII. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Consent Decree and shall expire two years from the date of entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If the required reports are not submitted within 30 days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed. This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for the term of this Decree, unless the Court acts or the Commission has, prior to the expiration of said term, moved to enforce compliance with the Consent Decree. If this Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such

10

motions which are made during the term of this Decree have been resolved.  Thereafter, this Court shall dissolve this Consent Decree and shall dismiss this cause with prejudice.

## XIII. OTHER ACTIONS:

The Commission shall not commence or prosecute against WREN any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Numbers 110980856, 110980914, or the investigation of these charges or this lawsuit. This Consent Decree  in no way affects the Commission's right to process any pending or future charges that may be filed against WREN or its owners in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 706 (f) of Title VII on any such charge, except that for its duration, this Consent Decree will constitute the sole basis on which the Commission will seek relief on Decree-covered issues.  Nothing in this Consent Decree shall be construed to limit or reduce WREN's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV.  COSTS AND ATTORNEY FEES:

The Commission and WREN shall each bear their own respective costs and attorney's fees for this action.

The parties hereto and undersigned attorneys of record for the Plaintiffs and WREN

11

in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Attorneys for Plaintiff:

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

S. ROBERT ROYAL
Regional Attorney

CHARLES T. BELL, JR.
Senior Trial Attorney
Ga. Bar No. 047649

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office Legal Unit
Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia  30303

**[Signatures continued on next page]**

Attorneys for Defendant:

CHARLES A. WILEY, ESQ.

FAIN, MAJOR, WILEY & BRENNAN, P.C.
100 Glenridge Point Parkway, Suite 500
Atlanta, Georgia 30342-1440

APPROVED, DONE and SIGNED this 12th day of June, 1999. 2001

UNITED STATES DISTRICT JUDGE

14

# WREN CHEVROLET, INC.

## NOTICE OF NON DISCRIMINATION

**TO:   ALL EMPLOYEES OF WREN CHEVROLET, INC.**

This Notice is being posted pursuant to a Consent Decree reached between WREN CHEVROLET, INC. and the United States Equal Employment Opportunity Commission to resolve sexual harassment and retaliation charges filed against the Company.

The United States Equal Employment Opportunity Commission is responsible for enforcing several federal employment discrimination statutes: Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Age Discrimination in Employment Act, as amended; the Equal Pay Act, as amended; and the Americans with Disabilities Act. Sexual harassment is expressly prohibited under Title VII of the Civil Rights Act of 1964, as amended.

Federal law also prohibits retaliation against any employee or applicant who files a charge of discrimination, who cooperates with an investigation of a charge, or who benefits from a charge settlement.

WREN CHEVROLET, INC. fully supports and complies with federal laws in all respects and it will not take any action against employees or applicants because they have exercised their rights under the law.

WREN CHEVROLET, INC. has a sexual harassment policy and abides by the terms of that policy, to ensure that employees not be subjected to sexual harassment in the workplace.

This Notice will remain posted for twenty four (24) months.

Signed this _____ day of _____, 2000.


                        _____
                        For:   WREN CHEVROLET, INC.


DO NOT REMOVE THIS NOTICE UNTIL _____.


## ATTACHMENT  A

15

UNITED STATES DISTRICT COURT
Southern District of Georgia


Case Number:      1:01-cv-00050
Date Served:      June 12, 2001
Served By:        Emmie S. Flanders

Attorneys Served:

S. Robert Royal, Esq.
Charles Timothy Bell Jr., Esq.


_____ Copy placed in Minutes

_____ Copy given to Judge

_____ Copy given to Magistrate